IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RIMMA TUREVSKY, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 10-CV-2911 |
| | : | |
| FIXTUREONE CORP., et al., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM AND ORDER**

**Joyner, J.**                                              **December 21, 2010**

Before this Court is Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Doc. No. 18) and Plaintiff's response thereto (Doc. No. 19).  For the reasons set forth in this Memorandum, the Court denies Defendants' Motion.

**I. BACKGROUND**

Plaintiff is the alleged victim of discrimination by her former employer on the basis of sex, pregnancy, and national origin, as well as retaliation.  Plaintiff filed a complaint with the Pennsylvania Human Relations Commission (PHRC) on April 10, 2008.  (Am. Compl. ¶ 37.)  This complaint was dual filed with the Equal Employment Opportunity Commission (EEOC).  (Id.)  On June 4, 2009, the PHRC notified Plaintiff that, one year having passed since the filing of the complaint, she could now bring suit in the Court of Common Pleas for the alleged violations of the

1

Pennsylvania Human Relations Act (PHRA). (Pl.'s Resp. 5.)[1]
Plaintiff chose not to file suit at this time, and the PHRC
continued to handle the complaint, with an eye toward a hearing
to adjudicate the merits. (Am. Compl. ¶¶ 39-42.) Before the
hearing date, however, Plaintiff notified the PHRC that she had
filed suit in federal court. (Pl.'s Resp. 6.) The PHRC
dismissed the complaint without a final adjudication. (Am.
Compl. ¶ 43.)

Plaintiff's federal suit was filed on June 17, 2010 (Doc.
No. 1), with an amended complaint on August 30, 2010 (Doc. No.
17). The case is before this Court on federal-question
jurisdiction, for claims arising under Title VII and the Family
and Medical Leave Act (FMLA), and supplemental jurisdiction, for
claims arising under the PHRA. Defendants have moved to dismiss
the amended complaint under Federal Rule of Civil Procedure
12(b)(6), on the grounds that (1) counts I-VI are precluded by
the "election of remedies" doctrine, in that Plaintiff previously
chose to utilize the PHRC to resolve her discrimination claims;
and (2) count VII fails to plead a willful violation of FMLA such
that the claim is time-barred.

---

[1] Although "courts generally consider only the allegations alleged in the complaint, exhibits attached to the complaint and matters of public record" in deciding a motion to dismiss, <u>Pension Benefit Guar. Corp. v. White Consol. Indus.</u>, 998 F.2d 1192, 1196 (3d Cir. 1992), we include for clarification purposes several allegations of fact that Plaintiff included in her response. <u>See generally</u> <u>id.</u>

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 1950. The court must take all such factual allegations in the complaint as true; it does not take as true "a legal conclusion couched as a factual allegation." Id. (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949. Thus, the plaintiff need not satisfy any "probability" requirement but must set forth "more than a sheer possibility that a defendant has acted unlawfully." Id.

Resolving a PHRA claim "involves an issue of state law, requiring us . . . to apply state substantive law, statutory and decisional as interpreted by the highest court of the state."

3

Burgh v. Borough Council, 251 F.3d 465, 474 (3d Cir. 2001). "In the absence of a reported decision on point by the Pennsylvania Supreme Court, we must look to the decisions of the intermediate appellate courts for guidance." Id.; see also Bouker v. Cigna Corp., 847 F. Supp. 337, 338 (E.D. Pa. 1994) ("With respect to a supplemental state law claim, federal courts must apply state substantive law." (citing United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966))).

### III. DISCUSSION

A. The election of remedies doctrine does not bar counts I-VI.

Defendants argue that because Plaintiff previously filed an administrative complaint with the PHRC, pursuant to the PHRA, the "election of remedies" doctrine should preclude this federal suit premised on the same allegedly discriminatory conduct.

> In Pennsylvania, an election of remedies includes the deliberate and knowing resort to one of two inconsistent paths to relief. The adoption, by an unequivocal act, of one of two or more inconsistent remedial rights has the effect of precluding a resort to others. To be inconsistent the remedies in question must be different means of adjudicating the same issues. A party makes a conclusive election [of] remedies which will bar later resort to an inconsistent remedy when: (1) the party knows his rights, (2) has carried his case to a conclusion, and (3) has obtained a decision on the issues involved.

Devore v. City of Phila., No. 04-3030, 2005 U.S. Dist. LEXIS 3438, at *7-9 (E.D. Pa. Feb. 11, 2005) (internal quotation marks omitted) (citations omitted); see also Wedgewood Diner, Inc. v.

4

Good, 534 A.2d 537, 439 (Pa. Super. Ct. 1987) ("[T]he majority and preferable view is that 'where there is nothing more than the mere institution of a suit or proceeding, which is abandoned or dismissed before judgment, there is nothing on which to base an estoppel–no benefit and no detriment.'" (quoting 25 Am. Jur. 2d Election of Remedies § 16)).

The Pennsylvania Supreme Court has not ruled on the precise question of whether a plaintiff may file an administrative complaint with the PHRC, then file suit in federal or state court when more than one year has elapsed without a final adjudication by the commission. Nonetheless, decisions of the intermediate appellate courts, a Third Circuit case applying Pennsylvania law, and the language of and policies underlying the statute convince us that Plaintiff's present suit in federal court is permissible.

The pertinent language of the PHRA is as follows: "In cases involving a claim of discrimination, if a complainant invokes the procedures set forth in this act, that individual's right of action in the courts of the Commonwealth shall not be foreclosed." 43 P.S. § 962(c)(1). More specifically,

> If within one (1) year after the filing of a complaint with the Commission, the Commission dismisses the complaint or has not entered into a conciliation agreement to which the complainant is a party, the Commission must so notify the complainant. On receipt of such a notice[,] the complainant shall be able to bring an action in the courts of common pleas of the Commonwealth based on the right to freedom from discrimination granted by this act.

5

Id. "An action under this subsection shall be filed within two years after the date of notice from the Commission closing the complaint." Id. § 962(c)(2). However, "as to acts declared unlawful by section five of this act[,] the procedure herein provided shall, when invoked, be exclusive and the final determination therein shall exclude any other action, civil or criminal, based on the same grievance of the complainant concerned." Id. § 962(b). Additionally, "[t]he time limits for filing under any complaint or other pleading under this act shall be subject to waiver, estoppel and equitable tolling." Id. § 962(e).

In Clay v. Advanced Computer Applications, Inc., the Pennsylvania Supreme Court construed the PHRA to require exhaustion of administrative remedies before a plaintiff can file suit in court. 559 A.2d 917, 919 (Pa. 1989). The exhaustion requirement includes giving the PHRC exclusive jurisdiction over the complaint for one year. Lukus v. Westinghouse Elec. Corp., 419 A.2d 431, 454 (Pa. Super. Ct. 1980) (en banc). Citing § 962(c), however, the Clay court clarified that, "[c]ertainly, by requiring initial utilization of administrative remedies, aggrieved parties are not deprived of their ultimate resort to the courts." 599 A.2d at 920. What Clay left open, and the issue Defendants raise, is whether a plaintiff who waits well beyond the year to file suit may be precluded from doing so.

Although Defendants assert that Cobbs v. SEPTA, 2008 Phila. Ct. Com. Pl. LEXIS 166 (June 17, 2008), aff'd, 985 A.2d 249 (Pa. Super. Ct. 2009), is most on point, we agree with Plaintiff that Snyder v. Penn. Ass'n of Sch. Retirees, 566 A.2d 1235 (Pa. Super. Ct. 1989), is.[2] In Snyder, the plaintiff submitted a complaint to the PHRC charging sex and age discrimination on February 3, 1986. 566 A.2d at 1236. "Thereafter, even though the charges had yet to be resolved, the plaintiff notified the PHRC and EEOC

---

[2] There are two major flaws with Defendants' reliance on the Cobbs trial opinion. First, that Cobbs's PHRC proceeding resulted in a final adjudication on the merits, such that the subsequent suit was barred by res judicata and collateral estoppel, was critical to the holding. See Cobbs v. SEPTA, 2008 Phila. Ct. Com. Pl. LEXIS 166, *1 (June 17, 2008). Indeed, in arriving at its decision, the trial court explicitly differentiated PHRC proceedings dismissed before a final adjudication from those fully litigated. See id. at *20-21 (relying on Pennsylvania's Administrative Code); id. at *23 (distinguishing "Snyder, [in which] the court held a complainant who withdrew a complaint from the PHRC after the expiration of one year, but before the PHRC's Opinion and Final Order[,] could file in state court"). Second, the Superior Court on appeal declined to side with the trial court's statutory interpretation. See Cobbs v. SEPTA, 985 A.2d 249, 253-54 (Pa. Super. Ct. 2009).
Nor is Hardee-Guerra v. Shire Pharm., No. 09-1547, 2010 U.S. Dist. LEXIS 88011 (E.D. Pa. Aug. 25 2010), which Defendants acknowledge dealt with judicial estoppel rather than election of remedies, helpful to their motion to dismiss. Hardee-Guerra recognized that "[j]udicial estoppel is an 'extraordinary remedy' to be invoked in order to stop a 'miscarriage of justice'" and that "a district court may not employ judicial estoppel unless it is 'tailored to address the harm identified and no lesser sanction would adequately remedy the damage done by the litigant's misconduct.'" Id. at *22 (citations omitted).
The extreme sanction of dismissal is not warranted in this case, as no final adjudication of the discrimination claims took place and the PHRC's probable-cause finding, (see Compl. ¶ 38), suggests the existence of a viable claim of discrimination. Cf. 2010 U.S. Dist. LEXIS 88011, at *21 ("Dismissal of plaintiff's complaint . . . is inappropriate for at least two reasons. First, plaintiff's First Amended Complaint raises a viable claim of discrimination. Resolving this claim is necessary to vindicate society's compelling interest in enforcing anti-discrimination laws."). Moreover, it is far from certain that Plaintiff could now obtain the remedy Defendants propose–resolution of the state claims by the PHRC. See 43 P.S. § 962(b) ("If the complainant institutes any action based on such grievance without resorting to the procedure provided in this act, such complainant may not subsequently resort to the procedure herein."); Fye v. Cent. Transp. Inc., 409 A.2d 2, 4 (Pa. 1979) (same). Dismissal of this federal suit could therefore preclude any relief for Plaintiff.

7

by letter that he was 'inten[ding] to pursue th[e] matter through litigation in the state court system.'" Id. The plaintiff "anticipated" that the PHRC would close its file based on his "request" to do so. Id. The plaintiff filed suit in state court on January 11, 1988. Id.

The issue before the Superior Court was "whether the PHRC's failure to act within the statutorily created one year time limit for dealing with complaints filed with it (i.e., by either dismissal or conciliation) availed the complainant/Snyder the option to seek redress of his grievance(s) in another forum; precisely, Common Pleas Court." Id. at 1237. The Superior Court answered in the affirmative. See, e.g., id. at 1240 ("We garner from the Clay and Lukus decisions support for the proposition that where a complainant has not had his/her grievance resolved by the PHRC within one year of the filing of the same, then the PHRA authorized the grievant to pursue another avenue of recourse; more particularly, the judicial system . . . ."); id. at 1241 ("[F]or whatever reason(s) the plaintiff's case stalled through the investigative machinery of the PHRC, the fact remains that the lapse of more than one year occurred since the filing of the (first) February, 1986 complaint. This afforded, as far as this Court is concerned, the plaintiff with the right to remove the case to another venue for resolution."); id. at 1243 (Johnson, J., dissenting) ("The majority would hold that where a

PHRC complaint has not been resolved by the Commission within one year, then the Act authorizes the grievant-without more-to proceed in the common pleas court, even though the matter remains pending before the Commission.").

Burgh v. Borough Council, 251 F.3d 465 (3d Cir. 2001), is likewise instructive. In Burgh, the plaintiff filed a complaint with the PHRC on December 8, 1994; was notified on March 18, 1996, that it had been one year since filing and that he could bring a civil suit in the Court of Common Pleas; never filed a state court suit; but filed a federal suit alleging violations of Title VII and the PHRA on February 26, 1999, after receiving an EEOC right-to-sue letter. Id. at 467-68. The Third Circuit held that the suit could be heard, as the PHRC had not closed the administrative complaint before the filing of the suit and, thus, the two-year statute of limitations in the PHRA had not begun running. See, e.g., id. at 471 ("[T]he PHRA does not limit the time, after receipt of the one-year notice, within which a civil action must be brought."); id. at 476 ("[W]e can predict that a more appropriate view of Pennsylvania law would hold that a plaintiff should not be required to cut short the administrative process in favor of litigation. This prediction is supported by the legislative policy underlying the PHRA, as discussed by the Pennsylvania Supreme Court in Clay."). Because Plaintiff filed the present suit more than one year after filing her

9

administrative complaint, when the administrative process was still pending, her PHRA claims are properly before this Court.[3]

As for the federal law claims, these were not, and could not have been, presented before the PHRC, which can only handle state law claims. The Third Circuit has held that a plaintiff who initially uses the PHRC procedure may subsequently bring suit in federal court for alleged violations of Title VII, even when the PHRC finally adjudicated the PHRA claims and the Commonwealth Court reviewed the commission's decision. McNasby v. Crown Cork & Seal Co., 888 F.2d 270, 271-72 (3d Cir. 1989). Thus, Plaintiff's federal claims are not barred by the election of remedies doctrine.

## B. Plaintiff has sufficiently pled a willful violation of FMLA in count VII.

Defendants assert that Plaintiff has failed to properly plead that the FMLA violation was willful, such that the claim is barred by the two-year statute of limitations for non-willful violations.[4] We disagree.

"To successfully allege a willful violation of the FMLA, the

---

[3] As for Defendants' concern that Plaintiff filed suit only one week before the scheduled PHRC hearing, the reason for the timing is open to different interpretations, and on the record before us we cannot say there is a showing of bad faith. This suit should not pose much of an additional burden on Defendants, however, as this case should be in a posture to be resolved on the merits without much further work by the parties.

[4] Compare 29 U.S.C. § 2617(c)(1) (providing a general two-year statute of limitations), with id. § 2617(c)(2) (providing a three-year period for willful violations).

plaintiff must show that the employer knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." Caucci v. Prison Health Servs., Inc., 153 F. Supp. 2d 605, 609 (E.D. Pa. 2001) (citing McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133 (1988)). "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

Plaintiff alleges that she was terminated a mere five days after documenting her intent to take FMLA leave. (Compl. ¶¶ 92-93.) Defendant FixtureOne[5] allegedly "knew that Plaintiff was asserting her FMLA rights and remedies and as a consequence discharged her." (Id. ¶ 94 (emphasis added); see also id. ¶¶ 51, 91, 96.) That Defendant allegedly provided conflicting accounts of the reason for Plaintiff's termination, (id. ¶ 31), provides a plausible inference that Defendant knew its conduct was unlawful and was trying to cover it up. Accordingly, the motion to dismiss count VII is denied and Plaintiff's suit may proceed.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss Plaintiff's Amended Complaint is denied.

---

[5] Although Defendants argue that Plaintiff does not allege a willful violation by the individual Defendants, Plaintiff's complaint, read in its entirety and in the light most favorable to Plaintiff, sufficiently discusses the individual Defendants' involvement. (See, e.g., Compl. ¶¶ 4-6, 47, 51, 59, 91.)