IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RIMMA TUREVSKY, | : |
| Plaintiff, | : CIVIL ACTION |
| v. | : NO. 10-cv-2911 |
| FIXTUREONE CORP., LINDA IACONELLI, KEN SCHUTZ, AND LAURENCE LARSSON, | : |
| Defendants. | : |

## ORDER

AND NOW, this     18th     day of October, 2012, upon consideration of Defendant's Motion to Reconsider Court's Order to Deem Plaintiff's Requests for Admission as Admitted and to Vacate Order (Doc. No. 88), it is hereby ORDERED that the Motion is DENIED.[1]

---

[1] On December 19, 2011, this Court issued an order allowing Plaintiff's counsel to serve upon Defendants no more than twenty-five Requests for Admission, which the Defendants must respond to in accordance with the procedures set forth in Fed. R. Civ. P. 36. See Doc. No. 60. On December 20, 2011, Plaintiff served Defendants with a list of Requests for Admission that complied with our Order. See Doc No. 78, Ex. A. Each Defendant was explicitly informed that he or she must respond within 30 days of service, and that if he or she failed to do so, the statements would be deemed admitted. (Id.) Defendant Iaconelli sent her answers to Plaintiff on January 18, 2012. (Id.) at Ex. C. Defendants Fixtureone Corp., Schutz and Larsson never responded. These Defendants also failed to bring any concerns or questions about the revised Requests for Admission before the Court.
    On March 26, 2012, Plaintiff filed a Motion to Deem the Requests for Admission as admitted against Defendants Fixtureone Corp., Schutz, and Larsson. See Doc. No. 78. In response to this motion, Defendant Schutz argued that he believed that the Plaintiff's Request was moot as there was not sufficient time for the requests to be completed before the discovery deadline, which he computed to be January 10, 2012. See Doc. No. 82.
    In an order dated April 11, 2012, this Court stated that it found Defendant Schutz's argument unpersuasive, and deemed twenty-four of the twenty-five Requests for Admission admitted against Defendants Schutz, FixtureOne and Larsson pursuant to Fed. R. Civ. P. 36(a)(3) and (b).
    On April 23, 2012, Defendant Schutz moved to have this Court reconsider and vacate its April 11, 2012 order deeming Plaintiff's Requests for Admission as admitted. (Doc. No. 88). To support its motion, Defendant Schutz

1

```
                              BY THE COURT:



                              s/J. Curtis Joyner
                              J. CURTIS JOYNER, C.J.
```

---

reiterated his previous arguments, and attached his responses to the Requests for Admission to the motion.  (Id.).

The purpose of a motion for reconsideration is to correct manifest errors of law or to present newly discovered evidence.  Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985); Frederick v. Se. Pa. Transp. Auth., 926 F. Supp. 63, 64 (E.D. Pa. 1996).  A party filing a motion to reconsider must rely on at least one of the following grounds: (1) the availability of new evidence that was not available when the court first decided the motion; (2) an intervening change in the controlling law; or (3) the need to correct an error of law or to prevent manifest injustice.  Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).  Where evidence is not newly discovered, a party may not submit that evidence in support of a motion for reconsideration.  Harsco, 779 F.2d at 909.  In the absence of one of these three grounds, it is improper for a party moving for reconsideration "to ask the Court to re-think what it has already thought through–rightly or wrongly."  Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993).

The Court finds that there is no new evidence available that was not previously unavailable, there has been no intervening change in the law, and there is no need to correct an error of law or prevent manifest injustice.  Given that the final discovery deadline was March 20, 2012 and motions for summary judgment were due on April 23, 2012, the day Defendant filed his motion, Defendant Schutz's submission of the responses to the Requests was too little too late.  In fact, it would prejudice the Plaintiff if the Court were to reconsider its order upon a motion at such a late date.